UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

YVONNE HILL,                                                  Case No. 11-64980
                                                           Chapter 7
                Debtor.                               Hon. Marci B. McIvor
_____/

DANIEL M. McDERMOTT,
UNITED STATES TRUSTEE,

        Plaintiff,

v.                                                               Adv. No. 11-7096

YVONNE HILL,

        Defendant.
_____/

## OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      This matter is before the Court on the Defendant's Motion for Summary Judgment on Plaintiff's Complaint. Plaintiff's Complaint alleges that Defendant should be denied her discharge under 11 U.S.C. § 727(a)(4) for making false oaths and under § 727(a)(6) for failure to follow a court order. Defendant alleges that, because her false entries in her documents were caused by her misunderstanding of forms or medical issues, and not by any intent to deceive, this Court should grant summary judgment on the Plaintiff's Complaint in her favor. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

## I.

## FACTUAL BACKGROUND

Yvonne Hill filed her chapter 7 bankruptcy petition on September 22, 2011.

On December 19, 2011, the United States Trustee filed an Adversary Complaint against Debtor/ Defendant alleging denial of discharge under §§ 727(a)(4) and (a)(6). In the Complaint, the Plaintiff alleges that Defendant should be denied a discharge because she made false statements and failed to obey a court order to appear for her 2004 examination.

On January 10, 2012, Defendant filed a Motion to Dismiss the Adversary Complaint under Fed. R. Bankr. P. 7012(b)(6). Defendant argued that this Court should grant her Motion to Dismiss because Plaintiff failed to allege fraud with particularity under Fed. R. Civ. P. 9(b). In addition, Defendant argued that she did not make any false oaths. In essence, Defendant argued that any misstatements she may have made occurred because she misinterpreted the forms, made honest mistakes, subsequently corrected any errors, and suffers from a mental disorder.

Further, Defendant argued that this Court should grant her Motion to Dismiss under § 727(a)(6) because she had good reasons for failing to attend the 2004 examination. Specifically, Defendant could not attend the 2004 examination because she suffers from a mental disorder, she was living in Ohio, it was too expensive to travel back to Michigan, she had no place to stay in Michigan, and she tried to avoid the need for a 2004 examination by giving Plaintiff permission to "examine my financial affairs and deposition."

On February 28, 2012, this Court held a hearing on Defendant's Motion to

Dismiss. At that hearing, the Court found that Plaintiff pled sufficient facts to state a claim for relief that is plausible on its face. The Court denied Defendant's Motion to Dismiss and stated that a motion for summary judgment, if supported with evidence and/or affidavits, might be more appropriate.

On February 28, 2012, this Court entered an order denying Defendant's Motion to Dismiss.

On June 6, 2012, Defendant filed this Motion for Summary Judgment. In this Motion for Summary Judgment, Defendant makes the same arguments as she made in her previously filed Motion to Dismiss.

On June 20, 2012, Plaintiff filed its Response to the Defendant's Motion for Summary Judgment. Plaintiff alleges that summary judgment should be denied because the issue in this case, that being whether false statements are the result of intentional deceit or accident, is a question of fact. *In re Taylor*, 461 B.R. 420 (Bankr. E.D. Mich. 2011)(Duggan, J. affirming McIvor, J). Consequently, Plaintiff asserts that Defendant's Motion for Summary Judgment should be denied.

II.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252. The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

III.

JURISDICTION

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§ 1334 & 157. Core proceedings include proceedings to determine dischargeability. *Id.* § 157(b)(2)(I). As this is a proceeding to determine dischargeability, this is a core proceeding under 28 U.S.C. § 157(b). Thus, this Court has jurisdiction over this matter.

IV.

ANALYSIS

Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to a discharge unless one or more of eight exceptions is met. Although exceptions to discharge are strictly construed (*See Rembert v. AT&T Universal Card Services, Inc.* (*In re Rembert*),141 F.3d 277, 281 (6th Cir. 1998)), "a discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Wazeter v. Michigan National Bank (In re Wazeter)*, 209 B.R. 222, 227 (W.D. Mich. 1997).

A. Defendant's Motion for Summary Judgment under § 727(a)(4) Should be Denied.

Under 11 U.S.C. § 727(a)(4), the debtor shall be granted a discharge, unless:

(4) the debtor knowingly and fraudulently, in or in connection with the case –

    (A) made a false oath or account;

    \*    \*    \*

The purpose of § 727(a)(4) is to "ensure 'that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs.'" *In re Bratcher*, 289 B.R. 205, 218 (Bankr. M.D. Fla. 2003) quoting *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir.1987)). Section 727(a)(4) ensures that adequate information is available to the case trustee and creditors without the need for examination or investigation to determine whether the information is true. *In re Craig*, 252 B.R. 822, 828-29 (Bankr. S.D. Fla. 2000); *see also In re Kaiser*, 94 B.R. 779, 781 (Bankr. S.D. Fla. 1988). Debtors have a "paramount duty to consider all questions posed on a statement or schedule carefully and see that the question is answered

5

completely in all respects." *Craig*, 252 B.R. at 829 (internal quotation omitted); *In re Zwirn*, 2005 WL 1978510, *5 (Bankr. S.D. Fla.)

In order to prevail under § 727(a)(4)(A), a creditor must establish five elements: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with the intent to deceive; and (5) the statement related materially to the bankruptcy case. *In re Floyd*, 322 B.R. 205, 214 (Bankr. M.D. Fla. 2005); *In re Gonzalez*, 302 B.R. 745, 754 (Bankr. S.D. Fla. 2003); *In re Perry*, 252 B.R. 541, 549 (Bankr. M.D. Fla. 2000).

In this case, Plaintiff alleges that Debtor made two false oaths: (1) Debtor swore in her bankruptcy documents that she had no help when she did, in fact, have help; and (2) Debtor concealed a source of income which was ultimately revealed at her meeting or creditors.

This Court finds that the facts demonstrate that Debtor did make two false oaths. However, this Court finds that there are issues of fact concerning whether Debtor knew the statements were false at the time she made them and whether Debtor made the statements with the intent to deceive (elements 3 and 4). Therefore, this Court DENIES Defendant's Motion for Summary Judgment pursuant to 11 U.S.C. § 727(a)(4).

B.  <u>Defendant's Motion for Summary Judgment under § 727(a)(6) Should be Denied.</u>

In accordance with 11 U.S.C. § 727(a)(6), the Court shall grant the Debtor a discharge unless–

the debtor has refused, in the case –

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

*    *    *

In this case, Plaintiff alleges that Defendant was ordered to appear for a Bankruptcy Rule 2004 Examination under this Court's November 2, 2011 Order for Bankruptcy Rule 2004 Examination (Docket #22). The date for the examination was moved at Defendant's request to a date selected by Defendant, yet she failed to appear for the examination.

This Court finds that Defendant was ordered to appear for the 2004 examination and that Defendant failed to appear. However, this Court finds that there are issues of fact concerning why Defendant failed to appear. The Court may consider whether Defendant's failure to comply with an order was due to inability to comply, inadvertence or mistake. *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini (In re Constantini)*, 201 B.R. 312, 316 (Bankr.M.D.Fla.1996); *Wilmington Trust Co. v. Jarrell (In re Jarrell)*, 129 B.R. 29, 33 (Bankr.D.Del.1991). Therefore, this Court DENIES Defendant's Motion for Summary Judgment under 11 U.S.C. § 727(a)(6).

V.

CONCLUSION

For the reasons set forth above, this Court DENIES Defendant's Motion for Summary Judgment under 11 U.S.C. §§ 727(a)(4) and (a)(6).

Signed on July 02, 2012

```
              /s/ Marci B. McIvor
              Marci B. McIvor
              United States Bankruptcy Judge
```

8